# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA ALCANTAR,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FIRST TRANSIT, et. al.<br><br>　　　　　　　　　　　　Defendants. | 3:14-cv-00428-RCJ-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (Doc. # 1)[1] and pro se Complaint (Doc. # 1-1).

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1] Refers to court's docket number.

LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 825 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

The court has reviewed Plaintiff's application and it appears she is unable to pay the filing fee. Therefore, her application to proceed in forma pauperis (Doc. # 1) is **GRANTED**.

## II. SCREENING

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis whether or not the plaintiff is incarcerated. *Lopez,* 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915(e)(2)(B) when reviewing the adequacy of the complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)  (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe

1  the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's
2  favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held
3  to less stringent standards than formal pleadings drafted by lawyers, and must be liberally
4  construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hamilton v. Brown*, 630 F.3d 889, 893
5  (9th Cir. 2011).
6  
7        A complaint must contain more than a "formulaic recitation of the elements of a cause of
8  action," it must contain factual allegations sufficient to "raise a right to relief above the
9  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
10 must contain something more … than … a statement of facts that merely creates a suspicion [of]
11 a legally cognizable right of action." *Id*. (citation omitted). At a minimum, a plaintiff should state
12 "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft
13 v. Iqbal*, 556 U.S. 662, 678 (2009).
14 
15       A dismissal should not be without leave to amend unless it is clear from the face of the
16 complaint that the action is frivolous and could not be amended to state a federal claim, or the
17 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d
18 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th
19 Cir. 1990).
20 
21       In her complaint, Plaintiff names as defendants First Transit and Paul Earnshaw.
22 (Doc. # 1-1 at 1-2.)  She brings her action under Title VII of the Civil Rights Act. She alleges
23 that Defendants denied her requests to attend various religious events, which Defendants had
24 previously agreed to allow (*Id*. at 4.) She further avers that Paul retaliated against her by
25 changing her schedule so that she would not be able to attend religious meetings, did not allow
26 her to attend work meetings, and denied her request to take her daughter to a doctor's
27 
28

appointment. (*Id*. at 5.) Plaintiff indicates that she was fired from her job. (*Id*. at 9.) She attaches a right to sue letter issued by the United States Equal Employment Opportunity Commission. (*Id*. at 10.)

Construing Plaintiff's allegations liberally and in her favor, the court finds Plaintiff states a colorable claim for religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e, *et. seq.*, *see also 42* U.S.C. § 2000e-2 (making it unlawful for an employer to discharge a person on the basis of religion); 42 U.S.C. § 2000e(j) (defining "religion" as "include[ing] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business"); 42 U.S.C. § 2000e-3(a) (employer may not take adverse employment action against employee who has opposed a practice made unlawful by Title VII). Therefore, Plaintiff's Complaint shall **PROCEED**.

### III. CONCLUSION

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) is **GRANTED;**

(2) The action shall **PROCEED** and the Clerk shall **FILE** Plaintiff's Complaint (Doc. # 1-1). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. The order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(3) Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Clerk shall **ISSUE** a summons for each defendant, and **SEND** the same, along with a copy of the Complaint (Doc. # 1-1) to the U.S. Marshal for service. The Clerk shall also **SEND** to Plaintiff the USM-285 forms for each defendant, one copy of the complaint and a copy of this Order. Plaintiff shall then have

**TWENTY DAYS FROM THE DATE OF THIS ORDER** to furnish to the U.S. Marshal's Office the completed USM-285 forms. Within **TWENTY DAYS** after receiving from the U.S. Marshal a copy of the returned USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court stating whether or not the defendants have been served. If the defendant(s) have not been served, and Plaintiff wishes to have service again attempted on an unserved defendant, then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or indicating whether some other manner of service should be attempted. This shall be done within **TWENTY DAYS** of the date Plaintiff is notified by the U.S. Marshal that service has not been accomplished as to the defendant. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 4(m), she has 120 days from the date the complaint is filed to effectuate service;

(4) Once the defendant(s) appear, Plaintiff shall serve upon defendant(s) or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the court a certificate stating the date that a true and correct copy of the document was mailed to the defendant(s) or counsel for the defendant(s). The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk of the court, and any paper received by a district judge or magistrate judge or Clerk which fails to include a certificate of service.

**IT IS SO ORDERED**.

August 22, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE